UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMIE SCHOBERLIN,           ) | |
| )| |
| Plaintiff,    ) | |
| )| |
| v.               ) | Case No. 4:13 CV 471 RWS |
| )| |
| WESTRUX INTERNATIONAL, INC.  ) | |
| and EDWARD O. DUVAL,     ) | |
| )| |
| Respondent.    ) | |

**MEMORANDUM AND ORDER**

This matter is before me on Plaintiff Jamie Schoberlein's motion to remand her action to the state court from which it was removed, or, in the alternative, to transfer this action to the Central Division of the United States District Court for the Western District of Missouri. For the reasons stated below, I will transfer this action to the Central Division of the United States District Court for the Western District of Missouri.

*Background*

Plaintiff filed this negligence and vicarious liability action for injuries arising out of an automobile accident that occurred on October 31, 2011, in Phelps County Missouri, which is located within United States District Court for the Eastern District of Missouri. Plaintiff filed this action in the Circuit Court of Boone County Missouri, which is located within United States District Court for the Western District of Missouri. Defendants removed the action to the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. § 1441, asserting diversity jurisdiction under 28 U.S.C. § 1332.

On March 15, 2013, Plaintiff moved to remand the action or, in the alternative, to transfer this action to the Central Division of the United States District Court for the Western District of

Missouri.  Plaintiff alleges that Defendants fail to establish that the amount in controversy exceeds $75.000 and that Defendants removed the action to an improper venue.

On March 21, 2012, Defendants filed their responses in opposition to Plaintiff's motion. Defendants allege that they have established the requirements for diversity jurisdiction and that this action should not be remanded.  Defendants argue that, according to Missouri law, venue is proper only in Phelps County, not Boone County, and thus the United States District Court for the Eastern District of Missouri is the proper federal venue.

*Discussion*

The removal statute, 28 U.S.C. § 1441, provides that:

any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place **where such action is pending**. (emphasis added).

This action should have been removed to the United States District Court for the Western District of Missouri because it was pending within that district at the time of removal.  The procedural defect in removal may be treated as similar to an improper venue situation.  See Anderson v. Ames True Temper Inc., No. 4:08-CV-245-CAS, 2008 WL 619383 (E.D. Mo. March 4, 2008) (citing 17 James Wm. Moore, et al., Moore's Federal Practice § 111.37 (3d ed. 2007)); see also Scoular Co. v. DJCB Farm Partnership, No. 2:09CV00061–WRW, 2009 WL 2241592 (E.D. Ark. July 24, 2009) (transferring, rather than remanding, a case that was improperly removed to the wrong district).

In the interest of justice, I will transfer this action under the improper venue transfer statute.  See 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").  This action may very

well end up in this Court, but it must arrive here according to the proper procedure as required by statute.

Because I have determined that this action should be transferred to the Central Division of the United States District Court for the Western District of Missouri, I decline to address Plaintiff's motion to remand based on a lack of diversity jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff's motion to transfer this action [#10] is **GRANTED**. Pursuant to 28 U.S.C. § 1406(a), the Clerk of the Court shall transfer this case to the Central Division of the United States District Court for the Western District of Missouri.

**IT IS FURTHER ORDERED that** the Rule 16 Conference in this matter set for April 19, 2013 is **VACATED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 27th day of March, 2013.